UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO. 00-6154-CR-DIMITROULEAS

    Plaintiff,

vs.

JOSEPH ROTUNNO,

    Defendant.
_____/



## ORDER

THIS CAUSE having been heard upon Defendant's July 7, 2000 Motion To Revoke or Amend the Pretrial Detention Order to Establish Reasonable Conditions of Pretrial Release [DE-176], and the Court having reviewed the Government's response [DE-202] and the Court having conducted a de novo hearing on July 13, 2000, having reviewed the June 27, 2000 transcript of the detention hearing before Magistrate Judge Stephen Brown, having reviewed Dr. Trezza's letter, and having heard arguments of counsel, finds as follows:

1. On June 6, 2000, the Defendant was indicted, along with seventeen (17) other defendants.. He is charged with six counts, four of which carry maximum sentences of twenty (20) years: Count I - RICO - Conspiracy; Count II - Conspiracy to Make Extortionate Extensions of Credit; Count IV - Conspiracy to Collect Extortionate Extensions of Credit and Count V - Money Laundering, and two of which carry maximum sentence of five (5) years: Count II - Illegal Gambling Business and Count VI - Conspiracy to Receive Stolen Goods.

2. Detention may be ordered when the Defendant is charged with a crime of violence and no condition will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e); U.S. v. King, 849 F. 2d 485, 488 (11th Cir. 1988), but see, U.S. v. Friedman, 837 F. 2d



48, 49 (2d Cir. 1988). This finding must be supported by clear and convincing evidence. 18

U.S.C. § 3142 (f). Dangerousness need not relate only to the crime of violence that is charged.

U.S. v. Quartermaine, 913 F. 2d 910, 917 (11th Cir. 1990), but see, U.S. v. Ploof, 851 F. 2d 7, 11

(1st Cir. 1988).

    3. The term "crime of violence" means -

> (A) an offense that has an element of the offense the use,
> attempted use, or threatened use of physical force against
> the person or property of another;
>
> (B) any other offense that is a felony and that, by its nature,
> involves a substantial risk that physical force against the
> person or property of another may be used in the course
> of committing the offense. 18 U.S.C. § 3156(a)(4).

Mail Fraud has been held to be a danger to the community. U.S. v. Reynolds, 956 F. 2d 192 (9th Cir. 1992). Conspiracy to Commit Armed Robbery is a crime of violence. U.S. v. Chimurenga, 760 F. 2d 400, 403-04 (2d Cir. 1985). A conspiracy to commit a crime of violence is a crime of violence. U.S. v. Mitchell, 23 F. 3d 1 (1st Cir. 1994). The Defendant is charged with crimes of violence. U.S. v. DeFede, 7 F. Supp. 2d 390 (S.D.N.Y., 1998). An extortionate extension of credit involves an understanding that the failure to make repayment could result in the use of violence to cause harm to any person. 18 U.S.C. § 891 (6).

    4. The Court must consider all reasonably less restrictive alternatives to detention. U.S. v. Song, 934 F. 2d 103, 105 (7th Cir. 1991). Only in rare cases should release be denied. U.S. v. Townsend, 897 F. 2d 989, 994 (9th Cir. 1990).

    5. There are three main factors that the Court should consider in this regard:

    A. The nature and circumstances of the offense including, whether it is a crime of violence. These are serious charges, and they involve crimes of violence. Threats were made. Violence was contemplated and discussed , regarding both past and future incidents. Lou

Flekowitz was threatened over a gambling debt; he was threatened that his family would be harmed and he would be placed in a baker's oven.

B. Weight of the evidence against the Defendant. Incriminating wiretap recordings exist [1], and there is a cooperating witness. The Defendant is overheard on tape admitting to a kidnaping and an assault. Moreover, the indictment establishes at least probable cause that the Defendant committed the crimes. U.S. v. Alston, 899 F. Supp. 1 (D.D.C. 1995).

C. History and characteristics of the Defendant:

(1) Character. The Defendant declared bankruptcy while still having a Rolex watch (page 11 of transcript). He is reportedly a supervisory member of an organized crime group. U.S. v. Digiacomo, 746 F. Supp. 1176 (D. Mass. 1990).[2]

(2) Physical and mental condition. The Defendant has medical problems. (Pages 53-55 of transcript). At this time there is no showing that the Defendant cannot receive appropriate care in custody of the Attorney General. U.S. v. Sclafani, 2000 WL 502857 (S.D.N.Y. April 26, 2000).

(3) Family ties. A relative's family owns a local funeral home.

(4) Employment. The Defendant's alleged employment, Al's Florist, is part of the RICO charge. (page 12 of transcript).

(5) Financial resources. The Defendant has no legitimate assets. (page 12 of transcript). He has nothing under his name. (page 15 of transcript).

(6) Length of residence in community. There is nothing to indicate that the

---

[1] Threats and admissions of violence occurred on the tapes on October 18, 21, 28, 29; November 5, 11; December 15, 18, 1998 and April 2, 16; May 19 and June 23, 1999.

[2] Mafia membership, in and of itself, does not warrant detention. U.S. v. Patriarea, 948 F. 2d 789 (1st Cir. 1991).

Defendant has not been in South Florida recently. He has no passport.

(7) Community ties. The Defendant has a fake identification (page 26 of transcript).

(8) Past Conduct. On the tapes, the Defendant makes admissions about his past conduct.

(9) History Relating to Drug/Alcohol abuse. None is indicated.

(10) Criminal History. The Defendant has a number of arrests. U.S. v. Acevedo-Ramos, 755 F. 2d 203, 209 (1st Cir. 1985). He was convicted of four counts of loansharking and one count of bookmaking in 1984; he was sentenced to 3 ½ years in prison. (page 11 of transcript).

(11) Prior Court Appearances. There is no reason to believe that the Defendant has failed to appear in Court in the past.

(12) Pending charges or supervision. There is a looming superceding indictment. (page 27 of the transcript). 18 U.S.C. § 3142(g).

6. By clear and convincing evidence, the Court finds the Defendant to be a danger to the community. He has prior convictions for loansharking, and the evidence indicates that he has continued to pursue that criminal activity in a violent and extortionate fashion. The record reflects that the Defendant has a checkered criminal past and membership in an organized crime family which reflects a commitment to a life of crime. U.S. v. Tortora, 922 F. 2d 880, 885 (1st Cir. 1990). If the Defendant were released, there is no reason to believe that he would not continue to conduct business as usual. U.S. v. Salerno, 481 U.S. 739, 744 (1987). The Defendant's release proposal of a bond with home detention may be sufficient to deter flight, but it is inadequate to assure the safety of the community. U.S. v. Ferranti, 66 F. 3d 540 (2d Cir.

1995). The Court adopts the findings of Judge Brown. The Court directs that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility, to the extent practicable, with persons awaiting trial. It is directed that the Defendant be afforded reasonable opportunities for private consultation with counsel. He is to be provided adequate medical treatment. It is directed that the Defendant be delivered to this Court when appropriately requested.

Wherefore, Defendant's Motion To Revoke or Amend the Pretrial Detention Order is DENIED. The Defendant is ordered detained.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ___ day of July, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

H. Dohn Williams, Esquire
P.O. Box 1722
Ft. Lauderdale, FL 33302

Paul Schwartz, AUSA