UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6154-CR-DIMITROULEAS

UNITED STATES OF AMERICA   )
Plaintiff,             )
                     )
v.                  )
                     )
JOSEPH ROTUNNO,       )
Defendant.          )
_____)



FILED by _____ D.C.
MAG. SEC.

JUL 1 7 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.    MIAMI

## DETENTION ORDER

Before the Court is the government's motion to detain
defendant Joseph Rotunno prior to trial and until the conclusion
thereof pursuant to 18 U.S.C. § 3142(e).  Having heard evidence
and considered the factors enumerated in Section 3142(g), the
Court finds that no condition or combination of conditions will
reasonably assure the safety of any other person and the
community.  Accordingly, the Court hereby orders that Joseph
Rotunno be detained prior to trial and until the conclusion
thereof under the provisions of 18 U.S.C. § 3142(i).

### FINDINGS OF FACT

1.  The defendant is charged in a six-count Indictment with
conspiring to violate the Racketeer Influenced and Corrupt
Organizations Act (RICO) in violation of 18 U.S.C. § 1962(d)
(Count 1), conducting an illegal gambling business in violation
of 18 U.S.C. § 1955 (Count 2), conspiring to make and collect



extortionate extensions of credit in violation of 18 U.S.C. §§ 892 and 894 (Counts 3 & 4), conspiring to commit money laundering in violation of 18 U.S.C. § 1956 (Count 5), and conspiring to sell and receive stolen property in violation of 18 U.S.C. § 2315 (Count 6). The substantive offenses enumerated in Counts 2 through 6 of the Indictment also make up the pattern of racketeering activity alleged as part of the RICO Conspiracy. Based on the Indictment of the Grand Jury, the Court finds that the defendant is charged with a crime of violence that has as an element thereof, the use, attempted use, or threatened use of force against the person or property of another as required by 18 U.S.C. § 3142(f)(1)(A). See 18 U.S.C. § 3156(a)(1)(4).

2. The weight of the evidence against the defendant is substantial. In the instant case, the government conducted a two-year investigation utilizing not only a cooperating witness but also electronic monitoring comprised both of a court authorized wire-interception over Joseph Rotunno's cellular phone and consensual recordings. Moreover, in January 1999, the government executed five search warrants at gambling facilities and residences utilized by the charged RICO enterprise. Evidence seized during the execution of the warrants includes records regarding the operation of the enterprise's gambling businesses and directly corroborates the above-referenced electronic monitoring.

3.    In addition to the weight of the evidence and crimes charged, the history and characteristics of the defendant indicate that he poses a danger to the community.  The Indictment alleges that Joseph Rotunno is a known associate of the Colombo Organized Crime Family and on its behalf supervised the Family's South Florida operatives.  In so doing, the Indictment contends that the defendant coordinated the activities of several large-scale gambling businesses in South Florida and arranged for the collection by extortionate means of extensions of credit and gambling losses.

To make these collections, the Court finds, based on the government's proffer of electronic surveillance transcript excerpts, that the defendant utilized direct threats of violence and participated himself in acts of physical violence against others.  Further, the Court notes that the defendant has an extensive criminal record involving 8 prior arrests in New York for acts which include violence, and a 1984 Florida conviction for loan sharking and bookmaking.

4.    Based on the above, the Court finds by clear and convincing evidence that the defendant poses a danger to the community and no condition or combination of conditions would reasonably assure that safety of any other person or the community.  Accordingly, the Court hereby directs:

3

(a) That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 13th day of July, 2000

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc: AUSA Paul F. Schwartz
    H. Dohn Williams, Esq.

4