UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6154-CR-DIMITROULEAUS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH ROTUNNO, et al.

    Defendant.

_____/

**NIGHT BOX FILED**

**JUL 2 0 200―**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### REVISED
### MOTION FOR CONTINUANCE OF TRIAL DATE
### AND CERTIFICATION PURSUANT TO LOCAL RULE 88.9

COMES NOW the Defendant, Joseph Rotunno (Rotunno), by and through the undersigned attorney, and moves the Court for a continuance of the trial date presently scheduled for the two-week period beginning August 7, 2000 and as grounds therefore, states as follows:

1. Mr. Rotunno was arraigned on July 7, 2000, regarding a two-year investigation by the government.

2. The government's discovery response, includes over 100 cassette tape recordings containing approximately 1,000 conversations emanating from a court-authorized wire interception, and approximately 41 cassette tape recordings corresponding to consensually recorded conversations.

3. On Thursday, July 13, 2000, Mr. Rotunno received copies of some of the tape-recorded conversations consisting of approximately 3,800 pages. As the Court knows from the pre-trial detention hearing, Mr. Rotunno's cellular telephone was the subject of the court-authorized wire interception; so Mr. Rotunno was a party to the approximately 1000



conversations. Plus, Mr. Rotunno was a party to most, if not all, of the consensually recorded conversations.

4. In addition, Mr. Rotunno received the documentation pertaining the court-authorized interception of wire communications.

5. Now that Mr. Rotunno's counsel has received all of these items, he needs to listen to those tapes, and/or review the transcripts. Likewise, Mr. Rotunno, who is pre-trail detained, needs to listen to the tapes and/or review the transcripts. **Listening to the tapes and comparing them to the transcripts is difficult because the labels on the tape recordings do not correspond to labels of the transcripts. As an illustration, the transcript may indicate the call occurred on November 1st and was recorded on tape 1A as call number 8; however, the actual tape with that same designation does not contain that particular telephone call.** There may be a need to analyze and perhaps prepare corrected or revised transcripts of those tapes. An expert may be required to be retained to analyze the tapes and possibly prepare defense transcripts.

6. Mr. Rotunno anticipates filing numerous motions, including a motion to suppress the wire interceptions, motions for severance, motions to dismiss, and various other motions that cannot be anticipated until after an analysis of the tapes and transcripts are completed.

7. Mr. Rotunno's counsel is preparing for a retrial of a case before Judge Zloch on or about July 31st. Mr. Rotunno's counsel was not the original counsel in that case. Mr. Rotunno's counsel has limited time to devote to his case until the other case is resolved. Mr. Rotunno's counsel is a solo practitioner with no associate attorney, so no other attorney is available to assist in the preparation of his case. Based upon the foregoing, it will be virtually impossible to prepare a case of this magnitude and complexity for trial within the short time allotted between

arraignment and trial. The government had two years to prepare its case; Mr. Rotunno needs time to prepare an adequate defense. Mr. Rotunno waives any right to a speedy trial pursuant to 18 U.S.C. §3161 *et seq.*

### CERTIFICATION UNDER LOCAL RULE 88.9

8.     Pursuant to Local Rule 88.9, undersigned had conferred with Assistant United States Attorney Paul Schwartz who states that he has no objection to continuing the trial of this cause.

WHEREFORE, Mr. Rotunno moves for a continuance of this trial to allow counsel and Mr. Rotunno to obtain full discovery and to adequately prepare a defense to the charges herein.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by mail this 18th day of July 2000 to:

Paul F. Schwartz, Esq.
Assistant United States Attorney
500 East Broward Boulevard, Suite 700
Fort Lauderdale, FL 33394

Allen Kaufman, Esq.
2900 North Dixie Highway, Suite 201
Oakland Park, FL 33334-2666

William Norris, Esq.
3225 Aviation Avenue, Suite 300
Coconut Grove, FL 33133

Dennis R. Bedard, Edq.
1717 N. Bayshore Drive, Suite 102
Miami, FL 33132

James M. Stark, Esq.
524 S. Andrews Avenue, Suite 304N
Fort Lauderdale, FL 33301

Martin Bidwell, Esq.
Assistant Federal Public Defender
101 N.E. Third Avenue, Suite 202
Fort Lauderdale, FL 33301

Simon T. Steckle, Esq.
701 Brickell Avenue, Suite 3260
Miami, FL 33131

Theodore Klein
800 Brickell Avenue, Penthouse Two
Miami, FL 33131-2944

Phillip R. Horowitz, Esq.
12651 S. Dixie Highway, Suite 328
Miami, FL 33156

Raymond Miller, Esq.
400 S.E. Sixth Street
Fort Lauderdale, FL 33301

John F. Cotrone, Esq.
509 S.E. 9 Street, Suite 1
Fort Lauderdale, FL 33316

Michael Dutko, Esq.
600 S. Andrews Avenue, Suite 500
Fort Lauderdale, FL 33301

Thomas D. Sclafani, Esq.
200 E. Broward Boulevard, Suite 1210
Fort Lauderdale, FL 33301

Herbert Cohen, Esq.
200 S.E. 6th Street, Suite 205
Fort Lauderdale, FL 33301

R. Michael Hursey, Esq.
305 S. Andrews Avenue, Suite 701
Fort Lauderdale, FL 33301

          H. DOHN WILLIAMS JR., P.A.
          P.O. Box 1722
          Fort Lauderdale, FL 33302
          954-523-5432; 527-5565 (fax)

          By: _____
               H. Dohn Williams Jr.
               Fla. Bar # 0166087

e \clients\rotunno\contiuance 2