UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6154-CR-DIMITROULEAS

UNITED STATES OF AMERICA )
Plaintiff, )
 )
v. )
 )
JOSEPH ROTUNNO, )
Defendant. )
_____)

## GOVERNMENT'S RESPONSE TO DEFENDANT ROTUNNO'S MOTION TO UNDERGO AN INDEPENDENT EVALUATION FOR MEMORY IMPAIRMENT/LOSS AND RENEWED MOTION FOR MEDICAL SEVERANCE

The United States of America by and through its undersigned attorneys, hereby opposes Defendant Rotunno's motion to undergo an independent evaluation for memory impairment/loss and renewed motion for a medical severance.

Defendant's motions, filed as a single pleading, present two distinct claims to this Court: one: a renewed request for a medical severance; and two, a request that this Court order an independent evaluation of the defendant for memory impairment/loss on the ground that the defendant's stroke in 1999 has impacted his ability to prepare his defense. Defendant's renewed motion for a medical severance presents no additional facts or legal argument to the Court. The government, therefore, relies on and incorporates by reference herein its original response to defendant's motion for medical severance filed August 7, 2000 at docket number 258. As to Defendant's separate motion to undergo an independent evaluation for memory loss, the United States responds as follows:

Rotunno alleges in his motion for an independent evaluation of memory impairment that as a result of a stroke suffered in September 1999 he has experienced a memory loss which is currently affecting his ability to assist in the preparation of his defense due to (1) an inability to recall "events that occurred in late 1998 and early 1999," and (2) an inability to "concentrate for any length of time." (Rotunno Mot. at 1-2).   In support of his motion, Rotunno asserts that he was evaluated by neuropsychologists Hyman Eisenstein and Esther Seleven who opine that Rotunno has suffered memory loss as a result of his September 1999 stroke and that he has difficulty concentrating for periods in excess of four continuous hours. (Rotunno Mot. at 2). Rotunno, therefore, requests that this Court order an independent evaluation of his memory loss to determine whether it prevents him from effectively assisting in the preparation of his defense. (Rotunno Mot. at 4). Defendant's motion, however, is facially insufficient to warrant either a competency hearing or an additional evaluation.

The Due Process Clause of the Constitution prohibits the conviction of an incompetent defendant. United States v. Rinchack, 820 F.2d 1557, 1569 (11th Cir. 1987). Memory loss, however, does not render a defendant automatically incompetent to stand trial. Id.; see also United States v. Swanson, 572 F.2d 523, 526 (5th Cir. 1978).   Rather, consistent with the notions of due process, such a defendant must be able to satisfy the ordinary competency standard: that is he must be able to consult with his lawyer with a reasonable degree of understanding and have a rational as well as factual grasp of the proceeding against him. Rinchack, 820 F.2d at 1569.

In applying this standard to a defendant alleging a memory loss, "the court should evaluate the nature and extent of the defendant's impairment and determine its impact on the following factors:

2


1. The defendant's ability to take the stand and testify or otherwise participate in his defense;

2. Whether the [memory loss] is temporary or permanent;

3. Whether the crime and the defendant's whereabouts can be properly reconstructed without the defendant's testimony including any facts giving rise to a defense;

4. Whether access to the government's files would aid in preparing for trial;

5. The strength of the government's case against the defendant."

Id.; see also Swanson, 572 F.2d at 526-27. In determining a defendant's competence the court may properly make a preliminary inquiry into whether there is reasonable cause to believe that a defendant is incompetent. See United States v. Zarnes, 33 F.3d 1454, 1472 (7th Cir. 1994). If a court finds such reasonable cause an evidentiary hearing would, of course, then be warranted.

Here, the defendant's conclusory assertions of memory impairment are insufficient to warrant an evidentiary hearing or further evaluation. First and foremost, the defendant merely summarily asserts that as a result of memory loss he is unable to assist counsel. His motion, however, lacks any example or discussion of the nature, depth, scope, detail, or extent of his purported inability to assist counsel.

Second, and perhaps equally as important, the defendant's own examining neuropsychologists nowhere opine that Rotunno is incompetent or unable to assist his attorney. Instead, they simply summarize in relevant part that as a result of his September 1999 stroke Rotunno's "overall IQ and cognitive ability has dropped, he has difficulty with his speech, [and] he has memory problems." (Report at 11). They similarly do not conclude that he operates at an overall below average intelligence level and in addition, their report is filled with significant historical data provided by Rotunno, which in and of itself serves to weaken his claim of

3

incapacitating memory loss.

Lastly, the defendant's own actions since the date of his stroke undercut his alleged claim of impairment. For example, following his stroke the defendant continued to conduct the affairs of his enterprise and continued to engage in conversations, with at least co-conspirator Al Polito, regarding the enterprise's criminal activities, including illegal gambling and the procurement and use of fraudulent Florida State Driver's Licenses. These conversations were consensually recorded by Mr. Polito and have been provided to defense counsel. Similarly, following his stroke, defendant continued to engage in, on a daily basis, the operation of a complex $21 million white-collar Internet/telemarketing fraud scheme involving approximately 70,000 victims. Moreover, since December 1999, H. Dohn Williams, counsel for Rotunno, has represented Rotunno in civil proceedings related to this scheme brought by the Florida State Attorney General's Office. Counsel has made no claim as to Rotunno's incompetence or inability to assist in those proceedings, and is currently engaged in an attempt to settle the civil litigation. Over and above these facts, the government would additionally note that based on the wiretap and consensual recordings made in the instant matter abundant materials exist to assist counsel in not only prompting defendant's memory but also properly reconstructing without the defendant's assistance the events surrounding the charged crimes.

In light of the above, the government contends that the defendant has failed to present reasonable cause to question his ability to assist in his defense. *Assuming arguendo* this Court finds otherwise, the government requests that the Court conduct an evidentiary hearing pursuant to the standards set forth in 18 U.S.C. § 4241 and order the psychiatric examination of the defendant prior to the date of that hearing. See 18 U.S.C. §§ 4241(a) & (b).

DATED this 19 day of September, 2000

                    Respectfully Submitted,

                    GUY A. LEWIS
                    UNITED STATES ATTORNEY

By:    _____

                    PAUL F. SCHWARTZ
                    Assistant United States Attorney
                    Court ID # A5500086

                    _____

                    JULIA J. STILLER
                    U.S. Department of Justice Trial Attorney
                    Court ID # A5500485
                    500 E. Broward Blvd., Suite 700
                    Ft. Lauderdale, Florida
                    Telephone: (954) 356-7392
                    Facsimile: (954) 356-7230

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to the below named on this ___/⁹⁾___ day of September, 2000.

Allen Kaufman, Esquire
2900 N. Dixie Highway, Suite 201
Oakland Park, FL 33334
(Counsel for Reynolds Maragni)

Philip R. Horowitz, Esquire
Southpark Centre
12651 S. Dixie Highway
Miami, FL 33156
(Counsel for James Travers)

H. Dohn Williams, Esquire
721 N.E. 3rd Avenue
Fort Lauderdale, FL 33304
(Counsel for Joseph Rotunno)

Raymond Miller, Esquire
400 Southeast Sixth St.
Fort Lauderdale, FL 33301
(Counsel for Martin Zarcadoolas)

William Norris, Esquire
3225 Aviation Avenue, Suite 300
Coconut Grove, FL 33133-4741
(Counsel for Percy Morris)

David Vinikoor, Esquire
420 S.E. Twelfth St.
Fort Lauderdale, FL 33316
(Counsel for Martin Zarcadoolas)

Dennis R. Bedard, Esquire
1717 N. Bayshore Dr., Suite 102
Miami, FL 33132
(Counsel for Bert Caskill)

John Cotrone, Esquire
509 S.E. 9th St.
Fort Lauderdale, FL 33316
(Counsel for Michael Eddy)

James Stark, Esquire
524 S. Andrews Ave., Suite 304N
Fort Lauderdale, FL 33301
(Counsel for Gary Braeseke)

Michael Dutko, Esquire
600 South Andrews Ave., Suite 500
Fort Lauderdale, FL 33301
(Counsel for Kaiser Akel)

Ted Klein, Esquire
800 Brickell Avenue, Penthouse #2
Miami, FL 33131
(Counsel for Martin Halpern)

Thomas D. Sclafani, Esquire
200 East Broward Blvd., Suite 1210
Fort Lauderdale, FL 33301
(Counsel for Richard D'Onofrio)

Simon T. Steckel, Esquire
701 Brickell Ave., Suite 3260
Miami, FL 33131
(Counsel for William Hawkins)

Herb Cohen, Esquire
200 S.E. 6th St., Suite 205
Fort Lauderdale, FL 33301
(Counsel for Scott Miller)
(Counsel for Daniel Meisel)

Martin Bidwell, Esquire
Federal Public Defender's Office
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, FL 33301-1100
(Attorney for Emro Capri)

Michael Hursey, Esquire
One River Plaza
305 S. Andrews Avenue, Suite 701
Fort Lauderdale, FL 33301-1853
(Counsel for Jeanne Brooks)

Larry Bronson, Esquire
80 Pine St., 32nd Floor
New York, NY 10005
(Counsel for Barbara Drezek)

JULIA J. STILLER
TRIAL ATTORNEY