cr-06154-WPD    Document 618    Entered on FLSD Docket 04/19/2001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6154-CR-DIMITROULEAUS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH ROTUNNO, et al.

    Defendant.
_____/

APR 1 8 2001

CLERK, USDC / SDFL / FTL

## DEFENDANT'S MOTION TO ALLOW SELF-SURRENDER

The Defendant, Joseph Rotunno ("Rotunno"), moves the Court to allow him to self-surrender at the designated institution where he will serve his sentence. As grounds therefore, Defendant Rotunno states:

1. Rotunno recognizes that this Court does not usually allow Defendants to self-surrender at the institution where they will serve their sentence. Rotunno recognizes that this Court usually incarcerates Defendants immediately after sentence is imposed. Rotunno makes this special request out of a concern about his health.

2. If Rotunno is incarcerated immediately after being sentenced, he will be detained for an unspecified amount of time at the Federal Detention Center in Miami. At some time in the future, he will be removed from the Federal Detention Center in Miami to be transported to the institution where he will serve his sentence. The procedure sounds simple. It would be if Defendants were transported from the Federal Detention Center in Miami directly to the institution where they will serve their sentence. When Defendants are transported, they routinely make multiple stops before getting to the designated institution. It is not unusual for Defendants to be transported from Miami to Atlanta to El Reno, Oklahoma and then back east to



the designated institution. When Defendants are "in transit" to their designated institutions, it is not unusual for them to be held for multiple days in holding cells with irregular feeding times and irregular sleep. For the physically robust, this can be an ordeal. For a sick person, it is a nightmare.

3. While awaiting sentencing, Rotunno has undergone two operations for circulatory problems in both legs. Since being released from jail after his plea so he could attend to his medical problems, Rotunno's diabetic condition has worsened. He is now taking insulin injections twice per day. Rotunno still has serious health problems. Aside from his diabetes, he suffers from arteriosclerotic heart disease, diabetes, hypertension (high blood pressure) and hyperlipidemia (elevation of fats in the blood stream). He had coronary by-pass surgery and suffered a stroke. His current medications, besides insulin injections, norvasc for high blood pressure, pravachol for cholesterol, and plavix for artheroscleriois.

4. The past history in this case reflects that when Rotunno was initially incarcerated, his health problems were not treated. It took a few days before he began receiving all of his prescription medications. If that pattern is repeated at each of his stops before he gets to his final destination and at his final destination, Rotunno's health will be in serious jeopardy.

5. Rotunno requests that the Court allow him to remain on "house arrest" under the same terms and conditions as his pre-sentence release. Upon receiving notification to report to the designated institution, Rotunno will travel to the designated institution at his own expense. To alleviate the Government's concern of "flight" once he has taken off the electronic monitoring to make the trip to the designated institution, Rotunno will agree to bear the expense to have a guard accompany him or escort him from South Florida to the designated institution. For example, if he is designated to Coleman in Orlando, Rotunno would pay to have a guard

drive him, or accompany him on an airline flight from Ft. Lauderdale to Orlando, and then to drive with him to the institution. Rotunno's only interest is getting from South Florida to the designated institution in good health in an expeditious manner, so the institution van begin attending to his health needs. Rotunno wants the opportunity to arrive healthy so he can complete his sentence.

WHEREFORE, Defendant Rotunno prays that this Court grants the relief requested herein.

Respectfully submitted,

H. DOHN WILLIAMS, JR. P.A.
799 Brickell Avenue, 9th Floor
Miami, Florida 33131
(305) 374-8171 - Telephone
(305) 372-8038 - Facsimile

By: _____
H. Dohn Williams, Jr.
Florida Bar No.166087

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed and/or faxed and/or hand delivered on December 21, 2000 to:

Paul Schwartz
Assistant U.S. Attorney
500 E. Broward Blvd., 7th floor
Fort Lauderdale, FL. 33301

By: _____
H. Dohn Williams, Jr.
Florida Bar No. 166087

c \rotunnoselfsurrend.doc