UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOSEPH ROTUNNO,     CASE NO. 02-60469-CIV-DIMITROULEAS
       Petitioner,                          (00-6154-CR-DIMITROULEAS)

vs.

UNITED STATES OF AMERICA,

       Respondent.

FILED by _____ D.C.
APR 24 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER DENYING PETITION, IN PART, AND GRANTING EVIDENTIARY HEARING, IN PART AND APPOINTING COUNSEL

THIS CAUSE having been heard upon Petitioner's (Rotunno) pro se March 30, 2002 Motion to Vacate [DE-1], and his April 16, 2002 Verification of Petition [DE-6], and the Court having presided over this case, having reviewed the Pre-Sentence Investigation Report and the Court file, including transcripts, and having received a response from the Government, dated April 23, 2002, finds as follows:

1. On June 6, 2000, Rotunno was indicted on six different felony charges. [CR-DE-3].

2. In late June, 2000, Rotunno was arrested and ordered detained. [CR-DE-160].

3. On October 3, 2000, this court conducted a hearing on Rotunno's motions for an independent mental evaluation and motion to sever. [CR-DE-392]. Those motions were denied. [CR-DE-393].

4. On October 12, 2000, Rotunno pled guilty to Count One, Conspiracy to Commit Racketeering. [CR-DE-415]. He signed a plea agreement. [CR-DE-416].

5. After sentencing was reset on several occasions, Rotunno was sentenced on April 20, 2001 to 78 months in prison. [CR-DE-620].



6. Seventeen months after pleading guilty, but within the one-year AEDPA statute of limitation, Rotunno files this timely collateral attack alleging that: his plea was involuntary; an Apprendi v. New Jersey, 120 S. Ct. 2348 (2000) violation; and ineffective assistance of counsel in failing both to argue for a downward departure and to file a notice of appeal.

7. A guilty plea is a solemn act, not to be set aside lightly. U.S. v. Gray, 152 F. 3d 816, 819 (8th Cir. 1998). During the change of plea, Rotunno said that he was more comfortable standing up [CR-DE-662, pp. 2-3]. He said that his medical conditions were not affecting his thinking. [CR-DE-662, p. 11]. Rotunno said he was OK to make this important decision. [CR-DE-662, pp. 11, 23]. He said he would stop the court if he did not understand something. [CR-DE-662, p. 19]. Rotunno was able to answer background questions about his age, schooling, literacy, work and prior criminal history. [CR-DE-662, p. 20]. He said any forgetfulness was not affecting him. [CR-DE-662, p. 22]. He stated his medicine was not affecting him. [CR-DE-662, p. 23]. He was feeling OK and understanding OK. [CR-DE-662, p. 24]. Nothing was preventing him from understanding. [CR-DE-662, p. 24]. He stated that he was in full possession of his faculties. [CR-DE-662, p. 24]. He had discussed the plea bargain with his attorney. [CR-DE-662, p. 24]. Rotunno was satisfied with his attorney. [CR-DE-662, p. 25]. He had had enough time to talk with his attorney and did not need any more time. [CR-DE-662, p. 26]. He understood the conspiracy charge and did not need it to be read in its entirety. [CR-DE-662, p. 27]. He was making a decision that he was willing to live by. [CR-DE-662, p 31]. Finally, he had no questions [CR-DE-662, p. 37]. The Court found him to be alert and intelligent, fully understanding what was going on and without any mental impediment. [CR-DE-662, pp. 36-37]. The court found that he understood the nature of the charges and appreciated the consequences of pleading guilty. [CR-DE-662, p. 38]. Rotunno now complains that he did not voluntarily plead

guilty, that his medical condition prevented him from understanding the proceedings. However, Rotunno's assertions as to the voluntary nature of his plea during his change of plea are presumed to be truthful. U.S. v. Gilliam, 255 F. 3d 428, 433 (7th Cir. 2001); U.S. v. Logan, 244 F. 3d 553, 558 (7th Cir. 2001), cert. denied, 122 S. Ct. 145 (2001). His representations during the change of plea should be binding on him. U.S. v. Underwood, 174 F. 3d 850, 854-55 (7th Cir. 1999). Certainly he faces an uphill battle after saying his plea was voluntary. U.S. v. Salgado-Ocampo, 159 F. 3d 322, 324 (7th Cir. 1998). Rotunno said his medical conditions were not affecting his thinking. He said his medicine was not affecting him. Cody v. U.S. 249 F. 3d 47, 53 (1st Cir. 2001); U.S. v. Savinon-Acosta, 232 F. 3d 265, 268 (1st Cir. 2000). There should be no right to withdraw a guilty plea where the court asks the defendant about the effect of medication that he has taken. Miranda-Gonzalez v. U.S., 181 F. 3d 164, 165 (1st Cir. 1999). Moreover, there is no allegation of actual innocence. U.S. v. Torres-Rosa, 209 F. 3d 4, 9 (1st Cir. 2000); U.S. v. Nayra, 147 F. 3d 875, 880 (9th Cir. 1998). Additionally, there was a seventeen month delay in complaining about the plea. U.S. v. Durham, 178 F. 3d 796, 798 (6th Cir. 1999), cert. denied, 120 S. Ct. 559 (1999) (77 days); U.S. v. Grimes, 225 F. 3d 254, 259 (2d Cir. 2000) (5 months). Rotunno has no right to an evidentiary hearing. U.S. v. Stewart, 198 F. 3d 984, 986 (7th Cir. 1999). Considering all factors, the plea was voluntary. U.S. v. Lampazianie, 251 F. 3d 519, 524 (5th Cir. 2001); U.S. v. Siedlik, 231 F. 3d 744, 749 (10th Cir. 2000).

8. Trial counsel was not ineffective for failing to argue for a downward departure because of Rotunno's medical condition and lack of treatment within the prison system because it would have been denied. Certainly, the government bears no responsibility for his medical problems. U.S. v. Hirsch, 280 F. 3d 811, 815 (7th Cir. 2002). Departures based upon serious health problems are rare. U.S. v. Tocco, 200 F. 3d 401, 435 (6th Cir. 2000). Having presided

over this case and reviewed the PSI, court file and transcripts, such a departure would not have been granted in this case. Insufficient facts have been alleged to cause this court to exercise discretion and find that an extraordinary physical impairment, that can only be treated outside of prison, exists in this case. U.S. v. Krilich, 257 F. 3d 689, 693 (7th Cir. 2001), cert. denied, 122 S. Ct. 1175 (2002). No prejudice has been shown.

9. There was no Apprendi violation. The sentence of seventy-eight (78) months did not exceed the statutory maximum for Conspiracy to Commit Racketeering, U.S. v. Sanchez, 269 F. 3d 1250 (11th Cir. 2001), cert. denied, 122 S. Ct. 1327 (2002); U.S. v. Orlando, 281 F. 3d 586, 598 (6th Cir. 2002). Apprendi claims are not jurisdictional. U.S. v. Ford, 270 F. 3d 1346, 1347 (11th Cir. 2001), cert. filed (Dec. 19, 2001). Moreover, there was an agreed upon sentencing recommendation of 78 months. U.S. v. Pease, 240 F. 3d 938, 943 (11th Cir. 2001), cert. denied, 122 S. Ct. 381 (2001). Finally, Apprendi does not affect guidelines determinations. U.S. v. Rodriguez, 279 F. 3d 947, 949-50 (11th Cir. 2002).

10. Rotunno's allegation about his desire to take an appeal merits an evidentiary hearing. Should this Court conclude that an out-of-time appeal is warranted, then the sentence would be vacated, the same sentence would be reimposed, and Rotunno would be advised of his right to appeal. U.S. v. Phillips, 225 F. 3d 1198, 1201 (11th Cir. 2000).

Wherefore, Rotunno's Motion to Vacate is Denied in all respects, except the Court grants an evidentiary hearing on the failure to take an appeal.

The Government shall obtain whatever writs or orders are necessary to secure Rotunno's appearance at the evidentiary hearing.

Rotunno has a right to counsel at the evidentiary hearing. Michael Smith is appointed as counsel. Should Mr. Rotunno hire private counsel or be unable to establish in forma pauperis status, Mr. Smith's appointment will be reconsidered.

The evidentiary hearing is set for May 24, 2002 at 9:00 A.M.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 24 day of April, 2002.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Joseph Rotunno, #55368-004
c/o FCC - Low
P.O. Box 1031
Coleman, Florida 33521-1031

Michael Smith, Esquire
110 S.E. 6th Street #1970
Fort Lauderdale, FL 33301

Paul Schwartz, AUSA