UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOSEPH ROTUNNO,

      Petitioner,

vs.

UNITED STATES OF AMERICA,

      Respondent.

_____/

CASE NO. 02-60469-CIV-DIMITROULEAS
(00-6154-CR-DIMITROULEAS) ✓



FILED by _____ D.C.

JUN 17 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**FINAL JUDGMENT AND ORDER DENYING PETITION**

THIS CAUSE having been heard upon Petitioner's (Rotunno) pro se March 30, 2002

Motion to Vacate [DE-1], and his April 16, 2002 Verification of Petition [DE-6], and the Court

having presided over this case, having reviewed the Pre-Sentence Investigation Report and the

Court file, including transcripts, and having received the Government's April 23, 2002 response

[DE-7], and June 5, 2002 response [DE-22] and a May 28, 2002 Memorandum from Rotunno

[DE-19], having presided over an evidentiary hearing held on May 24 and June 14, 2002, having

received testimony from Petitioner and H. Dohn Williams, having determined credibility of

witnesses, finds as follows:

    1. On June 6, 2000, Rotunno was indicted on six different felony charges. [CR-DE-3].

    2. In late June, 2000, Rotunno was arrested and ordered detained. [CR-DE-160].

    3. On October 3, 2000, this court conducted a hearing on Rotunno's motions for an

independent mental evaluation and motion to sever. [CR-DE-392]. Those motions were denied.

[CR-DE-393].

    4. On October 12, 2000, Rotunno pled guilty to Count One, Conspiracy to Commit

Racketeering. [CR-DE-415]. He signed a plea agreement. [CR-DE-416].



5. After sentencing was reset on several occasions, Rotunno was sentenced on April 20, 2001 to 78 months in prison. [CR-DE-620].

6. Seventeen months after pleading guilty, but within the one-year AEDPA statute of limitation, Rotunno files this timely collateral attack alleging that: his plea was involuntary; an Apprendi v. New Jersey, 120 S. Ct. 2348 (2000) violation; and ineffective assistance of counsel in failing both to argue for a downward departure and to file a notice of appeal.

7. A guilty plea is a solemn act, not to be set aside lightly. U.S. v. Gray, 152 F. 3d 816, 819 (8th Cir. 1998). During the change of plea, Rotunno said that he was more comfortable standing up [CR-DE-662, pp. 2-3]. He said that his medical conditions were not affecting his thinking. [CR-DE-662, p. 11]. Rotunno said he was OK to make this important decision. [CR-DE-662, pp. 11, 23]. He said he would stop the court if he did not understand something. [CR-DE-662, p. 19]. Rotunno was able to answer background questions about his age, schooling, literacy, work and prior criminal history. [CR-DE-662, p. 20]. He said any forgetfulness was not affecting him. [CR-DE-662, p. 22]. He stated his medicine was not affecting him. [CR-DE-662, p. 23]. He was feeling OK and understanding OK. [CR-DE-662, p. 24]. Nothing was preventing him from understanding. [CR-DE-662, p. 24]. He stated that he was in full possession of his faculties. [CR-DE-662, p. 24]. He had discussed the plea bargain with his attorney. [CR-DE-662, p. 24]. Rotunno was satisfied with his attorney. [CR-DE-662, p. 25]. He had had enough time to talk with his attorney and did not need any more time. [CR-DE-662, p. 26]. He understood the conspiracy charge and did not need it to be read in its entirety. [CR-DE-662, p. 27]. He was making a decision that he was willing to live by. [CR-DE-662, p 31]. Finally, he had no questions [CR-DE-662, p. 37]. The Court found him to be alert and intelligent, fully understanding what was going on and without any mental impediment. [CR-DE-662, pp. 36-37].

The court found that he understood the nature of the charges and appreciated the consequences of pleading guilty. [CR-DE-662, p. 38]. Rotunno now complains that he did not voluntarily plead guilty, that his medical condition prevented him from understanding the proceedings. However, Rotunno's assertions as to the voluntary nature of his plea during his change of plea are presumed to be truthful. U.S. v. Gilliam, 255 F. 3d 428, 433 (7th Cir. 2001); U.S. v. Logan, 244 F. 3d 553, 558 (7th Cir. 2001), cert. denied, 122 S. Ct. 145 (2001). His representations during the change of plea should be binding on him. U.S. v. Underwood, 174 F. 3d 850, 854-55 (7th Cir. 1999). Certainly he faces an uphill battle after saying his plea was voluntary. U.S. v. Salgado-Ocampo, 159 F. 3d 322, 324 (7th Cir. 1998). Rotunno said his medical conditions were not affecting his thinking. He said his medicine was not affecting him. Cody v. U.S. 249 F. 3d 47, 53 (1st Cir. 2001); U.S. v. Savinon-Acosta, 232 F. 3d 265, 268 (1st Cir. 2000). There should be no right to withdraw a guilty plea where the court asks the defendant about the effect of medication that he has taken. Miranda-Gonzalez v. U.S., 181 F. 3d 164, 165 (1st Cir. 1999). Moreover, there is no allegation of actual innocence. U.S. v. Torres-Rosa, 209 F. 3d 4, 9 (1st Cir. 2000); U.S. v. Nayra, 147 F. 3d 875, 880 (9th Cir. 1998). Additionally, there was a seventeen month delay in complaining about the plea. U.S. v. Durham, 178 F. 3d 796, 798 (6th Cir. 1999), cert. denied, 120 S. Ct. 559 (1999) (77 days); U.S. v. Grimes, 225 F. 3d 254, 259 (2d Cir. 2000) (5 months). Rotunno has no right to an evidentiary hearing. U.S. v. Stewart, 198 F. 3d 984, 986 (7th Cir. 1999). Considering all factors, the plea was voluntary. U.S. v. Lampazianie, 251 F. 3d 519, 524 (5th Cir. 2001); U.S. v. Siedlik, 231 F. 3d 744, 749 (10th Cir. 2000).

    8. Trial counsel was not ineffective for failing to argue for a downward departure because of Rotunno's medical condition and lack of treatment within the prison system because it would have been denied. Certainly, the government bears no responsibility for his medical

3

problems. U.S. v. Hirsch, 280 F. 3d 811, 815 (7th Cir. 2002). Departures based upon serious health problems are rare. U.S. v. Tocco, 200 F. 3d 401, 435 (6th Cir. 2000). Having presided over this case and reviewed the PSI, court file and transcripts, such a departure would not have been granted in this case. Insufficient facts have been alleged to cause this court to exercise discretion and find that an extraordinary physical impairment, that can only be treated outside of prison, exists in this case. U.S. v. Krilich, 257 F. 3d 689, 693 (7th Cir. 2001), cert. denied, 122 S. Ct. 1175 (2002). No prejudice has been shown.

9. There was no Apprendi violation. The sentence of seventy-eight (78) months did not exceed the statutory maximum for Conspiracy to Commit Racketeering, U.S. v. Sanchez, 269 F. 3d 1250 (11th Cir. 2001), cert. denied, 122 S. Ct. 1327 (2002); U.S. v. Orlando, 281 F. 3d 586, 598 (6th Cir. 2002). Apprendi claims are not jurisdictional. U.S. v. Cotton, 122 S. Ct. 1781 (2002). Moreover, there was an agreed upon sentencing recommendation of 78 months. U.S. v. Pease, 240 F. 3d 938, 943 (11th Cir. 2001), cert. denied, 122 S. Ct. 381 (2001). Finally, Apprendi does not affect guidelines determinations. U.S. v. Rodriguez, 279 F. 3d 947, 949-50 (11th Cir. 2002).

10. Rotunno's complaint about the absence of an appeal justified an evidentiary hearing, which was held on May 24 and June 14, 2002. U.S. v. Taylor, 258 F. 3d 815 (8th Cir. 2001); Solis v. U.S., 252 F. 3d 289 (3d Cir. 2001). Had the Court determined that a belated appeal was appropriate, the remedy would[1] have been to vacate the sentence, re-impose the same sentence and advise Rotunno of his right to appeal within ten (10) days. U.S. v. Phillips, 225 F. 3d 1198

---

[1] At the evidentiary hearing held on May 24, 2002, the Government might have been willing to agree to a re-imposition of sentence. However, Rotunno wanted to be re-sentenced, arguing that he would be entitled to the benefit of a change in the guidelines.

(11th Cir. 2000). Having listened to the audio tapes of the April 20, 2001 sentencing hearing, no

audible indication of a request for appeal exists. Moreover, the Court told the Petitioner on April

20, 2001:

> Mr. Rotunno, it is my duty to inform you that you have
> ten days within which to appeal the judgment and sentence
> of this Court. Should you desire to appeal and be without
> funds with which to prosecute an appeal, an attorney will
> be appointed to represent you in connection with that
> appeal. Should you fail to appear within that ten day
> period, it will constitute a waiver of your right to appeal.

Over eleven (11) months later Rotunno complained about the absence of an appeal. The

credible evidence supports the finding that Mr. Williams was never asked to take an appeal by

Rotunno. Had he been asked, Mr. Williams would have told Mr. Rotunno that there were no

appellate issues. No one testified that such a conversation occurred. The credible testimony

does not support Rotunno's convenient claim that he requested an appeal.

Wherefore, Rotunno's Motion to Vacate is Denied in all respects.

The Clerk shall deny any pending motions as Moot.

The Clerk shall close this case.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this

17 day of June, 2002.

WILLIAM P. DIMITROULEAS
United States District Judge

**Copies furnished to:**
Benson B. Weintraub, Esquire
1 East Broward Boulevard, #700
Ft. Lauderdale, Florida 33301

Paul Schwartz, AUSA